## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

| | |
|---|---|
| Jessica Knight, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | No.  2:21-cv-109-TBM-RPM |
| ) | |
| CBC Recovery, Inc., a Mississippi ) | |
| corporation, ) | |
| ) | |
| Defendant. ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Jessica Knight, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's collection actions violated the FDCPA, and to recover damages, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and c) Defendant transacts business here.

### PARTIES

3. Plaintiff, Jessica Knight ("Knight"), is a citizen of the State of Mississippi, residing in the Southern District of Mississippi, from whom Defendant attempted to collect a defaulted consumer debt that she allegedly owed for medical services.

4. Defendant, CBC Recovery, Inc. ("CBC"), is a Mississippi corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer

debts that it did not originate. CBC operates a defaulted debt collection business and attempts to collect debts from consumers in the State of Mississippi. In fact, Defendant CBC was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant CBC is authorized to conduct business in the State of Mississippi, and maintains a registered agent here, see, record from the Mississippi Secretary of State, attached as Exhibit A. In fact, Defendant CBC conducts business in Mississippi.

## FACTUAL ALLEGATIONS

6. Due to financial difficulties, Plaintiff was unable to pay her debts, including a debt she allegedly owed for medical services to Baker & Graham. Defendant CBC attempted to collect this debt from Ms. Knight via a negative credit report. Unsure about who Defendant CBC was, and unsure about the debt, Ms. Knight consulted with counsel about her debt issues and the debt that CBC was trying to collect.

7. Accordingly, Ms. Knight's attorney wrote to Defendant CBC, via a letter dated November 18, 2020, to dispute the debt CBC was trying to collect. On January 19, 2021, Ms. Knight obtained and reviewed a copy of her TransUnion credit report, which showed that Defendant CBC had continued to report the debt but had failed to note that the debt was disputed.

8. On February 5, 2021, Ms. Knight filed a lawsuit against CBC for violating the FDCPA, by failing to note her dispute, in a matter styled Jessica Knight v. CBC Recovery, Inc., No. 2:21-cv-00015-KS-MTP (S.D. MS.).

9. On March 25, 2021, CBC entered into a Settlement Agreement and

Release. In the Settlement Agreement and Release CBC agreed to request the deletion of any negative credit report from Ms. Knight's credit history that it reported regarding the Baker & Graham debt.

10. On July 29, 2021, Ms. Knight obtained and reviewed a copy of her TransUnion credit report and was distressed and alarmed to see that Defendant CBC had not only failed to delete the negative credit report (or at least note her dispute), it had verified the negative report as of July 2021. The pertinent part of this report is attached at Exhibit B.

11. Plaintiff's credit report was viewed by additional potential creditors after she had sent her dispute of the medical debt to Defendant, and after the Defendant had agreed to delete the negative report.

12. Defendant's violations of the FDCPA were material because Defendant's failure to note that the debt was disputed when Defendant reported, or continued to report, the debt on Plaintiff's credit report harmed her credit reputation, impaired her credit rating and her ability to obtain credit. Moreover, Defendant's failure to note, when reporting the debt on Plaintiff's credit report, that the debt was disputed made it appear to Plaintiff that she did not actually have the right to dispute the debt. Finally, Defendant's refusal to remove its negative credit reporting or to note her dispute, even after she had sued it, and it had agreed to do so, caused Ms. Knight continued harm to her credit reputation and her ability to obtain credit. Defendant's collection actions alarmed, confused and emotionally distressed Ms. Knight. Defendant's violations of the FDCPA impacted Plaintiff's credit score, and her credit reputation, as her credit report was later viewed by additional creditors/potential creditors.

13. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

14. Defendant's collection communications are to be interpreted under the "least sophisticated consumer" standard, see, Jeter v. Credit Bureau, 760 F.2d 1168, 1176 (11th Cir. 1985); LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1193-1194 (11th Cir. 2010).

## COUNT I
## Violation Of § 1692e Of The FDCPA –
## False or Misleading Representations

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive or misleading means to collect or attempt to collect a debt, including, but not limited to, communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, see 15 U.S.C. § 1692e(8)("…the following conduct is a violation of this section…including the failure to communicate that a disputed debt is disputed…"); see also, Evans v. Portfolio Associates, 889 F.3d 337, 346 (7th Cir. 2018); Sayles v. Advanced Recovery Systems, 865 F.3d 246, 249-250 (5th Cir. 2017); and Brady v. Credit Recovery, 160 F.3d 64, 65 (1st Cir. 1998).

17. Defendant, by continuing to report the debt to a credit reporting agency, and failing to at least note the dispute, when CBC not only knew the debt was disputed by the consumer, but also knew that it had agreed to delete its negative report, used false, deceptive or misleading means to collect or attempt to collect a debt, in violation of § 1692e(8) of the FDCPA.

18. Defendant's violation of § 1692e(8) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

19. Plaintiff adopts and realleges ¶¶ 1-14.

20. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, <u>see</u>, 15 U.S.C. § 1692f.

21. Defendant, by continuing to report the debt to a credit reporting agency, when CBC knew the debt was disputed by Plaintiff and when it knew it had agreed to delete its negative credit report, used unfair or unconscionable means to collect, or attempt to collect, a debt, in violation of § 1692f of the FDCPA.

22. Defendant's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Jessica Knight, prays that this Court:

1. Find that Defendant's collection practices violate the FDCPA;

2. Enter judgment in favor of Plaintiff Knight, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Jessica Knight, demands trial by jury.

                                            Jessica Knight,

                                            By: s/ Edwin Woods, Jr.
                                            One of Plaintiff's Attorneys

                                            By: s/ Angie K. Robertson
                                            One of Plaintiff's Attorneys

Dated: August 16, 2021

Edwin Woods, Jr.   (Miss. Bar No. 8893)
Bond, Botes & Woods, P.C.
5760 I-55 North
Suite 100
Jackson, Mississippi 39211
(601) 353-5000
(601) 372-7140 (FAX)
ewoods@bondnbotes.com

Angie K. Robertson (Ill. Bar No. 06302858)(pro hac vice pending)
Philipps & Philipps, Ltd.
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
angie@philippslegal.com